**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CONSTANCE ANN DONOVAN,
      Appellant,

      v.

PENSION BENEFIT GUARANTY
      CORPORATION,
      Agency.

DOCKET NUMBER
DC-1221-18-0551-W-1

DATE: May 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

K. Scott Rocio, Esquire, Washington, D.C., for the appellant.

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Alexander Kopit, Esquire, and Sara Robinson, Esquire, Washington, D.C.,
      for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify that the appellant did not exhaust her specific disclosures with the Office of Special Counsel (OSC), we VACATE as unnecessary any additional findings as to disclosures that the appellant did not exhaust, and we otherwise AFFIRM the initial decision.

## BACKGROUND

The appellant has been the Participant and Plan Sponsor Advocate (Advocate) at the agency since 2013. Initial Appeal File (IAF), Tab 1 at 5, Tab 12 at 185. She was the first person appointed to this statutorily created position. IAF, Tab 11 at 17-18; *see* 29 U.S.C. § 1304 (discussing the appointment, duties, and other employment details regarding the position). The statute sets forth the duties of the position, which include identifying participants and plan sponsors' persistent problems at the agency, proposing changes to legislation and the practices of the agency to mitigate problems, and referring instances of fraud, waste, abuse, and violations of law to the Office of the Inspector General. IAF, Tab 12 at 136-37; *see* 29 U.S.C. § 1304(b). The Advocate is required to submit an annual report to Congress, which summarizes requests for assistance received, identifies significant problems, includes

legislative and regulatory proposals to address any identified problems, and identifies actions taken to correct problems identified in prior reports. 29 U.S.C. § 1304(e).

On June 12, 2017, the appellant filed a complaint with OSC, in which she alleged that she made protected disclosures in her annual reports to Congress between 2014 and 2016. IAF, Tab 6 at 31-32. Specifically, she asserted that her reports detailed violations of Title IV of the Employee Retirement Income Security Act of 1974 (ERISA), mismanagement, and abuse of authority. *Id*. The appellant asserted to OSC that, because of these disclosures, the agency refused to issue performance standards for her position and awarded her lower performance-based bonuses. *Id*. at 31-32, 44. OSC issued a close-out letter on March 20, 2018. *Id*. at 44-46.

On May 23, 2018, the appellant filed an IRA appeal with the Board. IAF, Tab 1. The administrative judge issued a jurisdictional order, IAF, Tab 3, to which both parties responded. IAF, Tabs 6, 11, 13, 16.

The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 1. Specifically, she found that the appellant had exhausted some of her more general disclosures with OSC. ID at 5-11. However, the administrative judge found that the appellant did not make a nonfrivolous allegation that her disclosures were protected. ID at 13.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 6. The agency has filed a response to the petition. PFR File, Tab 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant challenges the administrative judge's finding that she did not nonfrivolously allege that she had a reasonable belief that her disclosures evidenced any violation of law, rule, or regulation, gross mismanagement, or an abuse of authority. PFR File, Tab 6 at 15, 19-22. We find

that this argument provides no basis for reversing the administrative judge's dismissal of the appeal for lack of jurisdiction.

We affirm the administrative judge's findings regarding the appellant's exhaustion of her disclosures before OSC, except as modified to clarify that the appellant did not exhaust her specific disclosures.

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2] *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The administrative judge properly found that the appellant exhausted her general disclosures that the agency violated Title IV of ERISA and that plan sponsors alleged that the agency committed a form of "extortion" in the way that it enforced section 4062(e) of ERISA. ID at 10-11; IAF, Tab 6 at 31. She then found that, even if the appellant had exhausted her specific disclosures, i.e., the contents of the annual reports she submitted to Congress between 2014 and 2016, they were not protected. ID at 13. The appellant does not dispute the administrative judge's findings as to exhaustion on review. PFR File, Tab 6 at 15. We modify the initial decision to clarify that the appellant did not prove exhaustion over her specific disclosures.[3]

---

[2] The appellant has not alleged that she engaged in a protected activity, and thus we will limit our discussion to whether she made a protected disclosure under 5 U.S.C. § 2302(b)(8).

[3] On review, the appellant argues that whether her alleged that disclosures were made during the normal course of her duties pursuant to 5 U.S.C. § 2302(f)(2) is irrelevant to whether those disclosures are protected under 5 U.S.C. § 2302(b)(8). PFR File, Tab 6 at 15. However, the administrative judge did not find that any of the alleged disclosures were not protected on this basis. ID at 12-22.

In *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, the Board clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.* To establish Board jurisdiction, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 C.F.R. § 1201.57(c)(1).

Here, the appellant provided, in relevant part, her OSC complaint, OSC's preliminary determination letter, her response to the preliminary determination letter, and OSC's letter closing her complaint. IAF, Tab 6 at 31-32, 35-46. In her OSC complaint, the appellant stated that she made protected disclosures in the annual reports she submitted to Congress between 2014 and 2016. *Id.* at 31. She indicated that her 2014 report "noted violations of certain provisions of Title IV of ERISA . . . by [the agency] in their dealings with both participants and plan sponsors subject to their regulatory authority." *Id.* She indicated that her 2015 and 2016 annual reports included some of the "same violations of laws and regulations and some additional ones." *Id.* She also stated that plan sponsors described the agency's efforts to enforce section 4062(e) as a form of "extortion." *Id.* Further, she generally alleged that the agency's actions constituted mismanagement and an abuse of authority. *Id.* at 31. We agree with the

administrative judge's finding that the appellant exhausted these general allegations with OSC. ID at 11.

The appellant also asserted that the annual reports would be added to her complaint and "highlighted for ease in identifying the violations of rules, laws and regulations as the basis of this complaint." IAF, Tab 6 at 31. However, there is no indication that these highlighted annual reports were subsequently provided to OSC. In OSC's correspondence with the appellant, her disclosures are broadly categorized as documenting violations of laws, rules, or regulations in her annual reports to Congress, but OSC does not provide any specifics on the alleged protected disclosures or reference the highlighted annual reports the appellant previously stated that she would submit to supplement her complaint. *Id.* at 35, 37, 44. Additionally, in the appellant's correspondence with OSC, she does not provide additional clarifying information regarding her alleged protected disclosures or reference the purportedly submitted highlighted annual reports. *Id.* at 40-43. Moreover, while the appellant provided a sworn declaration in response to the administrative judge's order on jurisdiction below, IAF, Tab 11 at 17-26, she did not provide further information as to what she told OSC regarding her disclosures or claim she submitted her annual reports to OSC, *see Chambers*, 2022 MSPB 8, ¶¶ 10-11 (explaining that an appellant may establish exhaustion through an affidavit or a declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal). Thus, the appellant only proved that she exhausted her general allegations that the agency violated Title IV of ERISA and that plan sponsors alleged that the agency's enforcement of section 4062(e) of ERISA was a form of extortion. IAF, Tab 6 at 31-32.

In the initial decision, the administrative judge observed that the highlighted annual reports were not provided to the Board and implicitly found that the appellant did not exhaust her more specific alleged disclosures. ID at 11. The administrative judge then proceeded to analyze whether the appellant nonfrivolously alleged that her more specific disclosures were protected. ID

at 13-22. However, because the appellant did not prove that she exhausted these disclosures, we vacate these findings as to an alternative theory of why the appellant did not meet her jurisdictional burden as unnecessary. Further, we modify the initial decision to expressly find that the appellant did not prove by preponderant evidence that she exhausted these specific disclosures. *Id.* Because the appellant failed to establish by preponderant evidence that these specific disclosures were exhausted, the Board lacks jurisdiction to consider them. *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992) (finding that the administrative judge "justifiably refused to consider an issue that [the appellant] had not properly raised before [OSC]"); *see also* 5 C.F.R. § 1201.57(c)(1) (providing that an appellant must prove exhaustion with OSC by preponderant evidence).

<u>The appellant failed to nonfrivolously allege that she reasonably believed her disclosures evidenced a violation of law, rule, or regulation, gross mismanagement, or an abuse of authority.</u>

The next jurisdictional inquiry is whether, as to the general disclosures the appellant exhausted with OSC, she nonfrivolously alleged that they were protected. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Id.*, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or

imprecise matters. *Id*.; *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006). To the extent the administrative judge found that the appellant failed to nonfrivolously allege that her general disclosures were protected, we agree. ID at 14-22.

> *The appellant failed to nonfrivolously allege that she reasonably believed that her disclosure that the agency had violated "certain provisions of Title IV of ERISA" evidenced a violation of law, rule, or regulation.*

The appellant only raised broad assertions of alleged violations of laws and regulations to OSC, without describing what the alleged violations were. IAF, Tab 6 at 31-32. The appellant stated to OSC that she disclosed that the agency violated Title IV of ERISA "in their dealings with both participants and plan sponsors subject to their regulatory authority." *Id*. at 31. She did not explain specifically what the purported violations of law and regulation were, and only made conclusory allegations about the agency's alleged wrongdoing. We find, therefore, that the appellant has not made a nonfrivolous allegation that these disclosures were protected. *See Rzucidlo*, 101 M.S.P.R. 616, ¶ 17 (finding that the Board requires an appellant to provide more than vague and conclusory allegations of wrongdoing by others); *see also McCorcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (finding that conclusory allegations lacking in specificity do not constitute nonfrivolous allegations of IRA jurisdiction).

> *The appellant failed to nonfrivolously allege that she reasonably believed her disclosure that plan sponsors described the agency's efforts to enforce section 4062(e) as a form of extortion evidenced gross mismanagement or an abuse of authority.*

In her OSC complaint, the appellant also appeared to allege that the agency's actions constituted mismanagement and an abuse of authority because plan sponsors described the agency's efforts to enforce section 4062(e) of ERISA as a form of "extortion." IAF, Tab 6 at 31-32. Gross mismanagement is more

than de minimis wrongdoing or negligence; it means a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008). An abuse of authority is defined as an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). Even under the expanded protections afforded to whistleblowers under the WPEA, general philosophical or policy disagreements with agency decisions that "lawfully exercise discretionary authority" are not protected unless the appellant has a reasonable belief that the disclosed information separately evidences one of the categories of wrongdoing listed in section 2302(b)(8)(A). 5 U.S.C. § 2302(a)(2)(D); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015).

In the instant case, the appellant disclosed that plan sponsors described the agency's efforts to enforce section 4062(e) of ERISA as a form of "extortion." IAF, Tab 6 at 31-32. Section 4062(e) is a provision of ERISA that provides a formula by which the agency calculates the amount an employer who sponsors its own pension plan must pay to protect pensions when it ceases operations at a facility and workers lose their jobs. Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 4062(e), 88 Stat. 823, 1030 (codified as amended at 29 U.S.C. § 1362(e)); *see* 29 C.F.R. § 4062.8(a) (explaining that the formula applies when "an employer ceases operations at a facility . . . and, as a result . . . more than 20% of the total number of . . . employees who are participants under a plan established and maintained by the employer are separated from employment"). The appellant did not provide additional information on how the agency's actions created a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission, nor does she provide sufficient factual information for us to infer such a finding. As the

administrative judge observed, the agency's mission is to protect the retirement incomes of American workers in specified pension plans.  ID at 14; *see* Pension Benefit Guaranty Corporation Mission Statement, https://www.pbgc.gov/about/who-we-are (last visited May 8, 2024).  We agree with the administrative judge that this allegation fails to identify any specific risk to the agency's ability to accomplish its mission of protecting retirement incomes, and that the appellant did not provide any basis for finding that the agency's interpretation of its authority was unlawful or unreasonable.  ID at 15, 17.  Thus, the appellant failed to nonfrivolously allege that her allegations evidenced a reasonable belief that the agency's enforcement of section 4062(e) constituted gross mismanagement or an abuse of authority.

Accordingly, we deny the petition for review and affirm, as modified, the initial decision dismissing the appellant's IRA appeal for lack of jurisdiction.[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[4] Because the appellant failed to nonfrivolously allege that her exhausted disclosures were protected, we decline to address her argument that these disclosures were contributing factors in the alleged personnel action.  PFR File, Tab 6 at 22.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.